**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NICHOLAS J. AURELIO,

     Plaintiff - Appellant,

and

ALAN DEATLEY,

     Plaintiff,

v.

CORRECTIONS CORPORATION OF
AMERICA; CORE CIVIC; MICHAEL
MILLER; SARA ORTIZ, Investigator;
MS. WALTER; DAVID ZUPAN,

     Defendants - Appellees.

_____

No. 19-1362
(D.C. No. 1:17-CV-01073-PAB-MEH)
(D. Colo.)

ALAN DEATLEY,

     Plaintiff - Appellant,

and

NICHOLAS J. AURELIO,

     Plaintiff,

v.

CORRECTIONS CORPORATION OF
AMERICA; CORE CIVIC; MICHAEL
MILLER; SARA ORTIZ, Investigator;
MS. WALTER; DAVID ZUPAN,

No. 19-1372
(D.C. No. 1:17-CV-01073-PAB-MEH)
(D. Colo.)

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Nicholas J. Aurelio (No. 19-1362) and Alan DeAtley (No. 19-1372), appearing

pro se,[1] appeal the district court's order for summary judgment in favor of

Corrections Corporation of America (CCA), Core Civic, Michael Miller, Sara Ortiz,

[Myra] Walter, and David Zupan on their civil rights complaint for the alleged

violation of their right to access the courts under the First, Sixth, and Fourteenth

Amendments.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

The district court found the following undisputed facts on summary judgment.

At all relevant times, Aurelio and DeAtley were prisoners in the custody of the

Colorado Department of Corrections (CDOC).  They were incarcerated at the

Crowley County Correctional Facility (CCCF), a facility owned and operated by

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Aurelio and DeAtley were represented by counsel in the district court.

2

CCA, which now does business as Core Civic. Miller, Ortiz, Walter, and Zupan were employed in various capacities at CCCF.

Aurelio and DeAtley arrived at CCCF in April 2016. At that time, the mailroom opened all mail that contained compact discs (CDs) outside the presence of the inmate to whom it was addressed to prevent the introduction of contraband. From the time Aurelio arrived at CCCF, and continuing through July 2017, all mail sent to him by his attorneys (legal mail) was opened outside his presence, including mail with CDs that contained discovery, defense strategies, investigation notes, and work product. There were no specific allegations or evidence presented regarding the extent to which DeAtley's legal mail was opened outside of his presence, or what information it might have contained.

Aurelio submitted several grievances in which he complained that his legal mail was opened outside his presence in violation of CDOC regulations and the hearing officer agreed. In his deposition, Aurelio testified that "problems related to [his] legal mail 'greatly diminished,'" when three mailroom workers left their jobs in May 2017. R., Vol. 3 at 34.

Aurelio and DeAtley sued under 42 U.S.C. § 1983 for the denial of their right to access to the courts under the First, Sixth, and Fourteenth Amendments. The district court noted that Aurelio's claim rested "on the litigation of five legal matters." *Id.* at 34-35. The court found that "[t]wo of these cases were civil actions that settled favorably to Mr. Aurelio." *Id.* at 35. The third "case was a § 1983 lawsuit against the district attorneys who prosecuted his criminal case, which was

3

dismissed [and affirmed on appeal] as an improper collateral attack on Mr. Aurelio's state court conviction. . . . Mr. Aurelio . . . [concedes] that . . . the legal mail problems had [no] effect on this case." *Id.* The fourth case concerned "Mr. Aurelio's motion for post-conviction relief, which is currently pending," in which he "did not have any problems filing his motion . . . due to legal mail issues." *Id.* And the final matter was "a malpractice case against his former attorney, which is currently stayed." *Id.*

As to DeAtley, the district court noted that his claim rested "on four cases." *Id.* "One case involves his criminal appeal in state court[,and] [t]he other three matters are in Tribal Court." *Id.* (citation omitted). At his deposition, DeAtley testified that the problem with his criminal case concerns the page-limit restrictions for briefs imposed by the Colorado appellate courts, which, in his opinion, prevent him from fully explaining his case—not a problem with his legal mail or access to the courts. DeAtley also testified that all the cases are intertwined and cannot move forward until the criminal matter is resolved. He blamed the lack of progress on "a corrupt judicial system that is moving slowly to thwart his appeal and lawsuits." *Id.* (internal quotation marks omitted).

**II**

CCA, Core Civic, and the individual employees moved for summary judgment on several grounds, including Aurelio's and DeAtley's failure to establish the type of injury required to maintain a claim for denial of access to the courts. The district court recognized that to have standing to raise such a claim , "[a] plaintiff must show

4

that defendants' conduct resulted in actual injury by frustrat[ing], imped[ing], or hinder[ing] his efforts to pursue a legal claim." *Id*. at 38 (internal quotation marks omitted) (quoting *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005)). But "[t]he injury requirement is not satisfied by just any type of frustrated legal claim," *id*. (internal quotation marks omitted) (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996)); instead, "[o]nly the following claims, if impaired, may satisfy the injury requirement: a direct appeal of a conviction, a habeas petition, or an action under . . . § 1983 to vindicate basic constitutional rights," *id*. (internal quotation marks omitted) (quoting *Lewis,* 518 U.S. at 354).

Because the undisputed facts established that neither Aurelio nor DeAtley were injured by conduct that infringed upon their direct criminal appeals, civil rights actions under § 1983, or habeas proceedings, the district court granted summary judgment for defendants. This appeal followed.

## III

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1311 (10th Cir. 2009). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV

In their response in opposition to summary judgment, Aurelio and DeAtley failed to discuss the law regarding the injury required for a denial-of-access claim or

5

to come forward with any evidence to establish any interference with their direct criminal appeals, civil rights actions under § 1983, or habeas proceedings. They likewise ignore the law and undisputed facts on appeal.

Instead, in apparent recognition that they have no facts to establish the type of injury required to maintain an access-to-the-courts claim, Aurelio and DeAtley argue for the first time on appeal that the district court ignored their other claims, and focused only on their claim for denial of access to the courts: "At no time, ever, during this litigation did the Appellant[s] claim [their] only claim was an access-to-court claim." Aplt. Opening Br. (No. 19-1362) at 7.[2] But there were no other claims. In opposition to summary judgment, Aurelio and DeAtley *themselves* framed their complaint as a denial-of-access claim only: "Plaintiffs['] claim against the Defendants is that Defendants' violation of the First, Sixth and Fourteenth Amendments of the United States Constitution *interfered with their right of access to the courts* which caused damages and a need for injunctive protection." R., Vol. 2 at 77 (emphasis added).

In any event, Aurelio's and DeAtley's failure to raise the issue of multiple claims in the district court limits us to plain-error review. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). The problem for Aurelio and DeAtley is that they have failed to argue for plain error, which "marks the end of the

---

[2] DeAtley "asserts all of the same arguments as . . . Aurelio has made, as if they were made by . . . DeAtley . . . in this appeal. These arguments apply to . . . DeAtley['] . . . case as well." Aplt. Opening Br. (No. 19-1372) at 1.

road for an argument for reversal not first presented to the district court." *Id*. at 1131. We thus decline to consider the argument.

## V

For the foregoing reasons, we affirm the district court's judgment. We deny Aurelio's second motion to appoint counsel on appeal. We deny DeAtley's motion to reconsider our previous order in which we refused to accept for filing more than 160 pages of attachments to his reply brief. We grant DeAtley's motion to proceed *in forma pauperis* on appeal but remind him of his obligation to make partial payments until has completely paid the appellate filing fee.

Entered for the Court


Joel M. Carson III
Circuit Judge

7